DOUGLAS A. WINTHROP (SBN: 183532)
douglas.winthrop@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone:   (415) 471.3100
Facsimile     (415) 471-3400

JESSE M. FEITEL (*Pro Hac Vice pending*)
jesse.feitel@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone:   (212) 836-8000
Facsimile     (212) 836-8689

Attorneys for AIRBUS DEFENSE
AND SPACE, INC. (now known as AIRBUS U.S.
SPACE & DEFENSE, INC.) and AIRBUS HELICOPTERS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.), and GENERAL CHUCK YEAGER, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AIRBUS GROUP SE, AIRBUS DEFENSE AND SPACE, INC., AIRBUS HELICOPTERS, INC., and AIRBUS S.A.S. and DOES 1 through 10, inclusive. <br><br> Defendants. | Case No. 8:19-CV-01793-JLS-ADS <br> Action Filed:  September 18, 2019 <br> FAC Filed:     December 9, 2019 <br><br> **DEFENDANTS' MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> Date:        February 14, 2020 <br> Time:        10:30 a.m. <br> Place:       Courtroom 10A, 10th Floor <br> Judge:       Hon. Josephine L. Staton |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION AND SUMMARY OF ARGUMENT ........................................... 1

BACKGROUND ................................................................................................ 1

    A.    The Parties ................................................................................ 1

    B.    Plaintiffs' Allegations. ............................................................. 2

ARGUMENT ..................................................................................................... 4

I.    The Court Lacks Personal Jurisdiction over AHI and AIRBUS U.S. ................. 5

    A.    Legal Standards For A Motion to Dismiss Under Rule 12(b)(2)
           for Lack of Personal Jurisdiction. ............................................. 5

    B.    AHI And AIRBUS U.S. Are Not Subject To General
           Jurisdiction In California. ........................................................... 6

    C.    AHI And AIRBUS U.S. Are Not Subject To Specific
           Jurisdiction In California. ........................................................... 7

         1.    Plaintiffs Have Made No Showing Of Purposeful
              Direction. ...................................................................... 7

              a.    AHI And AIRBUS U.S. Did Not Commit An
                     Intentional Act. ................................................. 8

              b.    The Complaint Alleges No Allegedly Tortious
                     Conduct Aimed At California. ........................... 10

              c.    Neither "Airbus," AHI, Nor AIRBUS U.S. Caused
                     Harm They Knew Likely Would Be Suffered In
                     California. ......................................................... 13

         2.    Plaintiffs' Claims Do Not Arise Out Of Forum-Related
              Acts. ............................................................................ 14

         3.    The Exercise Of Specific Jurisdiction Would Be
               Unreasonable. ............................................................. 14

- i -

4.      Plaintiffs' Allegations Regarding An Alleged 2008
        Agreement Are Insufficient To Confer Specific
        Jurisdiction. ................................................................. 15

II.   The Complaint Fails To State A Claim For Relief Against AHI And
      AIRBUS U.S. ......................................................................... 17

      A.    Legal Standard For A Motion To Dismiss Under Rule 12(b)(6)
            For Failure To State A Claim Upon Which Relief May Be
            Granted. ...................................................................... 17

      B.    There Are No Allegations Of Any Wrongful Acts Or Omissions
            By AHI Or AIRBUS U.S. ...................................................... 18

      C.    Plaintiffs' Claims Premised On The Alleged Misuse Of A Video
            Fail To State A Claim Upon Which Relief Can Be Granted. ................. 18

            1.      Allegations Regarding The Alleged Misuse Of A Video
                    Are Insufficient To Demonstrate Any Misuse Of
                    Intellectual Property Or Breach Of Contract. ............... 18

            2.      Any Claims Relating To The Alleged 2012 Video Are
                    Time-Barred. .......................................................... 19

CONCLUSION ............................................................................. 21

# **TABLE OF AUTHORITIES**

**Page(s)**

## **Cases**

*389 Orange St. Partners v. Arnold*,
179 F.3d 656 (9th Cir.1999) ................................................................... 20

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................... 9, 17

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
874 F.3d 1064 (9th Cir. 2017) ......................................................... 10, 12

*Babb v. Cal. Teachers Ass'n*,
378 F. Supp. 3d 857 (C.D. Cal. 2019) ............................................. 10, 17

*BASF Corp. v. Cesare's Collision Repair & Towing, Inc.*,
364 F. Supp. 3d 1115 (E.D. Cal. 2019) ................................................. 20

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................... 9, 17

*Bravado Int'l Grp. v. Straughn*,
2010 WL 11515508 (C.D. Cal. Jan. 25, 2010)........................................ 8

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)............................................................................... 13

*Cousteau Soc'y, Inc. v. Cousteau*,
2019 WL 4452972 (C.D. Cal. June 19, 2019)........................................ 13

*Craigslist, Inc. v. Mesiab*,
2009 WL 10710286, at *5 (N.D. Cal.
Sept. 14, 2009), *report and recommendation adopted,* 2009 WL
10710276 (N.D. Cal. Oct. 19, 2009) ....................................................... 8

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)......................................................................... 5, 6, 9

*Eliminator Custom Boats v. Am. Marine Holdsing, Inc.*,
2007 WL 4978243 (C.D. Cal. Nov. 5, 2007) ........................................ 19

- iii -

*Emeco Indus., Inc. v. Restoration Hardware, Inc.*,
  2012 WL 6087329 (N.D. Cal. Dec. 6, 2012) ........................................................... 2

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
  485 F.3d 450 (9th Cir. 2007) ...................................................................... 16

*In re Facebook, Inc. Sec. Litig.*,
  405 F. Supp. 3d 809 (2019) .......................................................................... 2

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) ................................................................... 17

*Karp v. Adam Opel AG*,
  2017 WL 8181027 (C.D. Cal.
  Nov. 30, 2017) ................................................................................. 9, 12, 13

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ......................................................................... 2

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ....................................................................... 2

*Makaron v. GE Sec. Mfg., Inc.*,
  2014 WL 12614468 (C.D. Cal.
  July 31, 2014) .................................................................................................. 5

*Markman v. Leoni*,
  2010 WL 8275829 (C.D. Cal. Nov. 3, 2010), *report and
  recommendation adopted*, 2012 WL 83721 (C.D. Cal. Jan. 5, 2012) ....................... 5

*Martinez v. Aero Caribbean*,
  764 F. 3d 1062 (9th Cir. 2014) ...................................................................... 6

*NuCal Foods, Inc. v. Quality Egg LLC*,
  887 F. Supp. 2d 977 (E.D. Cal. 2012) ........................................................... 5

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) ..................................................................... 10

*Perkins v. Benguet Consol. Mining Co.*,
  342 U.S. 437 (1952) ...................................................................................... 6

*Perry v. Brown*,
  2019 WL 1452911 (C.D. Cal. Mar. 13, 2019), *aff'd and remanded*,
  2019 WL 5787987 (9th Cir. Nov. 6, 2019) ..................................................... 6

- iv -

*Picot v. Weston*,
   780 F.3d 1206 (9th Cir. 2015) ..................................................................5, 7, 8, 14

*Premier Fabrics, Inc. v. Walters & Mason Retail, Inc.*,
   2018 WL 6164766 (C.D. Cal. Aug. 1, 2018) .......................................................15

*Saul Zaentz Co. v. Wozniak Travel, Inc.*,
   627 F. Supp. 2d 1096 (N.D. Cal. 2003)..........................................................19, 20

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ................................................................5, 8, 13, 14

*Sher v. Johnson*,
   911 F.2d 1357 (9th Cir.1990) ................................................................................5

*Spangler v. Abercrombie & Fitch*,
   79 F. App'x 325 (9th Cir. 2003)...........................................................................20

*Sterling v. Taylor*,
   40 Cal. 4th 757 (2007)..........................................................................................16

*Tart Optical Enters., LLC v. Light Co.*,
   2017 WL 5957729 (C.D. Cal. May 1, 2017)..........................................................9

*ThinkBronze, LLC v. Wise Unicorn Ind. Ltd.*,
   2013 WL 12120260 (C.D. Cal.
   Feb. 7, 2013) ..........................................................................................................5

*V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas LLC*,
   2016 WL 1268008 (E.D. Cal.
   Mar. 31, 2016) ......................................................................................................19

*Walden v. Fiore*,
   571 U.S. 277 (2014)........................................................................10, 11, 12, 13

*Washington Shoe Co. v. A-Z Sporting Goods Inc.*,
   704 F.3d 668 (9th Cir. 2012) ...............................................................................11

*Worldwide Subsidy Grp., LLC v. Fed'n Int'l de Football Ass'n*,
   2014 WL 12631652 (C.D. Cal. June 9, 2014)......................................................16

*Yeager v. Aviat Aircraft, Inc.*,
   553 F. App'x 730 (9th Cir. 2014) ........................................................................19

- v -

*Yeager v. Bowlin*,
  693 F.3d 1076 (9th Cir. 2012) ..................................................................... 19

*Yumul v. Smart Balance, Inc.*,
  733 F. Supp. 2d 1117 (C.D. Cal. 2010) ....................................... 17, 18, 20

## **Statutes and Rules**

Cal. Code Civ. Proc.
  §337(3) ....................................................................................................... 20

Fed. R. Civ. Proc.
  8 ................................................................................................................... 5
  9(b) ..................................................................................................... 17, 20
  12(b)(2) ....................................................................................................... 5
  12(b)(6) ..................................................................................................... 17

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs General Charles E. "Chuck" Yeager (Ret.) ("Yeager") and General Chuck Yeager, Inc. have brought suit against Defendants AHI and AIRBUS U.S. without alleging that they have done ***anything***, let alone anything related to them or having any connection to the State of California. Plaintiffs also fail to allege that AHI or AIRBUS U.S. is incorporated in or has its principal place of business in California, and neither is or does. As a result, under Supreme Court precedent, there is no specific or general jurisdiction over either AHI or AIRBUS U.S. Beyond their failure to allege facts to establish personal jurisdiction over AHI and AIRBUS U.S., the Complaint's few allegations referencing these defendants do not state any cognizable claims against them. Plaintiffs' claims against AHI and AIRBUS U.S. therefore should be dismissed.

## BACKGROUND

### A.   The Parties

Yeager is a retired General Officer of the United States Air Force who, as a test pilot, was the first person to break the speed of sound. *See* First Amended Complaint, (ECF No. 13), ¶3. Yeager resides in Grass Valley, California (*id.* ¶22), which is located in the Eastern District of California. Plaintiff General Chuck Yeager, Inc. is incorporated in California. *Id.* ¶¶6.

On September 18, 2019, Plaintiffs filed this action. ECF No. 1. They filed their First Amended Complaint (the "Complaint") on December 12, 2019. ECF No. 13. The Complaint names four defendants: Airbus Group S.E. (now known as Airbus SE); Airbus S.A.S.; AHI; and AIRBUS U.S. Airbus SE is a European public company with its registered office in Amsterdam, Netherlands. Declaration of Jim Cawyer ("Cawyer Decl.") ¶4. Airbus S.A.S. is a French company with its registered office in Blagnac, France. *Id.* AHI is a Delaware corporation with its principal place of business in Grand Prairie, Texas. *Id.* ¶2. AIRBUS U.S. is a Delaware corporation with its principal place of business in Herndon, Virginia. Declaration of Gregory

- 1 -

1   Angst ("Angst Decl.") ¶2.

2        To date, Plaintiffs have not served either Airbus S.E. or Airbus S.A.S.  Only the

3   two domestic entities, AHI and AIRBUS U.S., have been served with the Complaint.

4   This motion is brought by AHI and AIRBUS U.S., the only two Defendants presently

5   before the Court.

6        **B.    Plaintiffs' Allegations.**

7        Plaintiffs allege that, on June 20, 2017, "Airbus" published a statement on the

8   Airbus.com website that referenced Yeager.  Plaintiffs quote a paragraph from this

9   statement and purport to attach the full statement to their Complaint.  *See* Complaint

10  ¶27.  In fact, they have not attached the statement to their Complaint, so AHI and

11  AIRBUS U.S. have attached it to this brief.  See Appendix A.[1]  The statement refers to

12  a high-speed helicopter concept "Racer"—an acronym for rapid and cost-effective

13  rotorcraft—being developed by Airbus Helicopters as a part of a "European

14  Commission-organised public and private partnership to develop and demonstrate

15  civil aircraft technologies that can reduce emissions and noise, while also ensuring the

16  future competitiveness of Europe's aviation industry on a global scale."  Appendix A.

17  The statement frequently invokes the British spelling of words to describe the Racer

18  concept.  *Id.* ("organised," "optimised," "utilises," "programme,").  The part of the

19  statement to which Plaintiffs object reads:

20              Seventy years ago, [American test pilot] Chuck Yeager
21              broke the sound barrier," said Guillaume Faury, CEO of

22  ───────────────
    [1] "A defendant may seek to incorporate a document into the complaint 'if the plaintiff
23  refers extensively to the document or the document forms the basis of the plaintiff's
    claim.'"  *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (2019) (quoting
24  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)).  The
    incorporation by reference doctrine "applies with equal force to internet pages as it
25  does to printed material."  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).
    Courts thus routinely consider the "full page on [a] website" where "[a] portion of the
26  page" is quoted in the complaint.  *Emeco Indus., Inc. v. Restoration Hardware, Inc.*,
    2012 WL 6087329, at *1 n.2 (N.D. Cal. Dec. 6, 2012); *see also Knievel*, 393 F.3d at
27  1076-77.

28

> Airbus Helicopters, at the Racer announcement press conference.  Now, he said, "we're trying to break the cost barrier.  It cannot be 'speed at any cost.'

As shown by the full statement, the statement quotes comments made by Mr. Faury at the Paris Air Show in June 2017.  At the time, Mr. Faury was the CEO of Airbus Helicopters S.A.S..  Cawyer Decl. ¶3.  Airbus Helicopters S.A.S, which has not been named in this action, is a French company with its registered office in Marignane Cedex, France.  *Id.* ¶4.  The registrant for the Airbus.com website is Defendant Airbus S.A.S.  *Id.* ¶5.  As noted, Airbus S.A.S. is French company with its registered office in Blagnac, France.  *Id.* ¶ 4.  The Airbus.com website, viewable at www.airbus.com, is a "passive" website on which no business can be transacted.

The Complaint also alleges that nearly a decade earlier, in 2008, Yeager had been invited by "Airbus" to visit "Airbus" facilities in Munich, Germany and Toulouse, France so that "Airbus" could "honor him and have him speak to and inspire Airbus employees…."  Complaint ¶19.  Plaintiffs allege that, during this visit to Germany and France, Yeager flew an Airbus A380 (*id.*), which is a large, fixed-wing airplane.  Plaintiffs allege that Yeager agreed that a video of his appearance could be made "so that those employees who could not attend the meeting could watch it at a later date (*id.*), and that "Airbus" agreed that no other use of the video would be made absent an agreement between "Airbus" and Yeager.  The Complaint alleges that no such agreement was ever made.  *Id.* ¶20.

Without providing any specific dates, the Complaint alleges that "[f]or several years" after 2008, "Airbus actively sought to have General Yeager endorse its brands."  Complaint ¶21.  Plaintiffs allege that Yeager met with Lutz Bertling, who the Complaint alleges was the CEO of "Eurocopter." *Id.*  Eurocopter S.A.S., the company of which Bertling was CEO, was the prior name of non-party Airbus Helicopters S.A.S, the French company with its registered office in Marignane Cedex, France.  Cawyer Decl. ¶3.  Again without specifying any dates, the Complaint alleges

1   that Yeager also had meetings with Tom Enders, who the Complaint alleges was the

2   CEO of Defendant Airbus S.A.S.  In an allegation Plaintiffs added in their First

3   Amended Complaint (*compare* Original Complaint ¶¶14-18, ECF 1), Plaintiffs allege

4   that, even though there was never an agreement between any Airbus company and

5   Yeager, Mr. Enders nonetheless agreed that, "any disputes arising from the

6   negotiations for and/or the conducting of any endorsement deal would be resolved in a

7   court of Plaintiffs' choosing in the state of California."  Complaint ¶23.  The

8   Complaint does not reference or attach a written agreement memorializing this

9   supposed agreement or include any other factual allegations to support its existence.

10      Plaintiffs allege that in 2012 an "Airbus employee" told them that he saw a

11  video showing how much Yeager liked the A380.  Complaint ¶31.  The Complaint

12  alleges that "Plaintiffs inquired of Airbus about any such promotional video but were

13  told that such a promotional video could not be located."  *Id.*  The Complaint alleges

14  that "[u]pon information and belief" such a video "was concealed from Plaintiffs to

15  this date."  *Id.*

16      Finally, Plaintiffs allege that "Airbus and its agents were aware that General

17  Yeager was a resident of the State of California," and that "Airbus executives,

18  including CEO Tom Enders, sent communication to General Yeager addressed to

19  General Yeager's home in Grass Valley, California."  Complaint ¶22.

20      Plaintiffs allege that the above gives rise to right of publicity claims against

21  Airbus SE, Airbus S.A.S and AHI, and Lanham Act, trademark, contract and unjust

22  enrichment claims against all four Defendants.

23                          **ARGUMENT**

24      There is no basis for Plaintiffs to have brought this action against AHI or

25  AIRBUS U.S.  This Court does not have personal jurisdiction over AHI or AIRBUS

26  U.S. and Plaintiffs have failed to state any claims for relief against AHI or AIRBUS

27  U.S.  The Complaint should be dismissed as to these Defendants.

28

- 4 -

## I.     The Court Lacks Personal Jurisdiction over AHI and AIRBUS U.S.

### A.     Legal Standards For A Motion to Dismiss Under Rule 12(b)(2) for Lack of Personal Jurisdiction.

The plaintiff bears the burden of demonstrating that jurisdiction is appropriate and must make "a prima facie showing of jurisdictional facts." *Picot v. Weston*, 780 F.3d 1206, 1209 n.1 (9th Cir. 2015) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).  A plaintiff must demonstrate personal jurisdiction over each defendant *individually*.  *Sher v. Johnson,* 911 F.2d 1357, 1365 (9th Cir.1990).  A plaintiff may not attempt to meet that burden by lumping parties— including affiliated parties—together as "defendants."  *See NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 990 (E.D. Cal. 2012) (rejecting personal jurisdiction when "plaintiff group[ed] the[] defendants together as the "DeCoster Defendants," without describing how each defendant had any contact with the forum that promoted a business transaction to their benefit.").  *See generally Makaron v. GE Sec. Mfg., Inc.*, 2014 WL 12614468, at *3 (C.D. Cal. July 31, 2014) (citation omitted) ("[u]ndifferentiated pleading against multiple defendants is improper"); *ThinkBronze, LLC v. Wise Unicorn Ind. Ltd.*, 2013 WL 12120260, at *10 n.59 (C.D. Cal. Feb. 7, 2013) ("[D]istrict courts in California routinely hold that undifferentiated pleading against multiple defendants does not meet Rule 8 pleading requirements."); *Markman v. Leoni*, 2010 WL 8275829, at *9 (C.D. Cal. Nov. 3, 2010), *report and recommendation adopted,* 2012 WL 83721 (C.D. Cal. Jan. 5, 2012) ("Plaintiff may not simply lump defendants together but must make specific factual allegations as to each.").

Personal jurisdiction may either be "general" or "specific."  With respect to a corporation, general jurisdiction is permissible only when the corporation's contacts with the forum state "are so constant and pervasive "as to render [it] essentially at home" in the State.  *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).  The Supreme Court has repeatedly held that, for a corporation, the place of incorporation and

principal place of business are the "paradigm" bases for general jurisdiction. *Id.* at 137.  While the Court left open the possibility that, in an "exceptional" case, a defendant might be subject to general jurisdiction outside of those two places, the case it cited was truly "exceptional." *Id.* at 139 n.19 & 129-130 (referencing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 448 (1952), in which the forum state was the defendant's "temporary" principal place of business because of Japan's invasion of The Philippines in World War II).

Unlike general jurisdiction, "specific" jurisdiction "exists when a case arises out of or relates to the defendant's contacts with the forum." *Martinez v. Aero Caribbean,* 764 F. 3d 1062, 1066 (9th Cir. 2014) (citation omitted).  For specific jurisdiction to exist, the defendant itself must have created contacts with the forum that gave rise to the plaintiff's claims, but the plaintiff's residence in the forum cannot be the sole link that creates jurisdiction.

### B.   AHI And AIRBUS U.S. Are Not Subject To General Jurisdiction In California.

Plaintiffs allege that AIRBUS U.S. "has offices throughout the United States, including an office in Huntington Beach, California" (Complaint ¶9), and that AHI is based in Grand Prairie, Texas.  *Id.* ¶11.  But neither company is incorporated in California or has its principal place of business in California, nor are they any allegations in the Complaint that could even remotely warrant deeming this an "exceptional case."  Accordingly, under *Daimler*, general jurisdiction in California is precluded.  *See, e.g., Martinez*, 764 F. 3d at 1070 (noting that *Daimler* rejected the argument that general jurisdiction is present when a defendant "engages in a substantial, continuous, and systematic course of business" in a state; denying assertion of general jurisdiction when forum is not state of incorporation or principal place of business of defendant); *Perry v. Brown*, 2019 WL 1452911, at *5 (C.D. Cal. Mar. 13, 2019), *aff'd and remanded*, 2019 WL 5787987 (9th Cir. Nov. 6, 2019) (no general jurisdiction over defendant incorporated in Tennessee; recognizing that "there

- 6 -

is nothing about this case that would suggest it is an exceptional case that would justify finding general jurisdiction outside of Defendant's state of residency.").

### C. AHI And AIRBUS U.S. Are Not Subject To Specific Jurisdiction In California.

The Ninth Circuit employs a three-part test to determine whether a defendant's contacts with the forum state are sufficient to confer specific jurisdiction:

> (1) The non-resident defendant must ***purposefully direct his activities*** or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

> (2) the claim must be one which ***arises out of or relates to the defendant's forum-related activities***; and

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be ***reasonable***.

*Picot*, 780 F.3d at 1211 (emphases added).  The plaintiff bears the burden of proving the first two prongs, and if the plaintiff does, "the burden shifts to the defendant to set forth a compelling case that the exercise of jurisdiction would not be reasonable."  *Id.* at 1212 (citation omitted).

Plaintiffs cannot meet any part of this test.  They have not alleged, and cannot allege, that AHI or AIRBUS U.S. purposefully directed any action ***to the Plaintiffs***, let alone ***to California***, nor have they alleged, or could allege, that the claims in the Complaint were caused by or related to any forum-related actions taken by AHI or AIRBUS U.S.  Indeed, there is no mention in the Complaint of ***any*** conduct or action ***at all*** by either AHI or AIRBUS U.S.

#### 1. Plaintiffs Have Made No Showing Of Purposeful Direction.

To analyze the first prong, the Ninth Circuit uses a "purposeful direction" analysis for suits sounding in tort and a "purposeful availment" analysis for suits

sounding in contract.  *See Schwarzenegger*, 374 F.3d at 802.  In suits like this one, which allege right of publicity and Lanham Act claims, courts employ the "purposeful direction" analysis.  *See, e.g.*, *Bravado Int'l Grp. v. Straughn*, 2010 WL 11515508, at *5 (C.D. Cal. Jan. 25, 2010).[2]  Under this test, "a defendant purposefully directed his activities at the forum if he: (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Picot*, 780 F.3d at 1214 (citations omitted).

### a.   AHI And AIRBUS U.S. Did Not Commit An Intentional Act.

Plaintiffs do not allege that either AHI or AIRBUS U.S. committed ***any*** intentional act, let alone any intentional act that is relevant to the claims in the Complaint.  The only "intentional acts" alleged in the Complaint relate to the use of Yeager's name in the 2017 statement from the Paris Air Show, the publication of the statement on the Airbus.com website, and the alleged video of Yeager visiting Munich and Toulouse.  Yet, there are no allegations in the Complaint even suggesting that any of this—all of which allegedly took place in Europe—had anything to do with Texas-based AHI or Virginia-based AIRBUS U.S.

In fact, the only mention of either of these Defendants in connection with the substantive allegations of the Complaint is the statement in Paragraph 21 that Lutz

---

[2] Because a majority of the claims in the Complaint sound in tort, Plaintiffs' inclusion of a single claim for breach of contract in the Complaint does not require the court to engage in a purposeful availment analysis.  *See, e.g.*, *Craigslist, Inc. v. Mesiab*, 2009 WL 10710286, at *5 (N.D. Cal. Sept. 14, 2009), *report and recommendation adopted,* 2009 WL 10710276 (N.D. Cal. Oct. 19, 2009) (adopting purposeful direction analysis in action for copyright and trademark infringement that included a single breach of contract claim because "the majority of [the plaintiff's] claims sound in tort").  In any event, exercising specific jurisdiction over AHI and AIRBUS U.S. based the alleged facts underlying the breach of contract claim would also be inappropriate because Plaintiffs do not allege that AHI or AIRBUS U.S. purposefully availed themselves of the privilege of conducting business in California in any way that is relevant to the claims in the Complaint.

1   Bertling was the CEO of "Eurocopter" which, Plaintiffs' allege, is the "predecessor"

2   of Defendant AHI.  Complaint ¶21.  But that assertion is demonstrably false.  The

3   company of which Bertling was the CEO is Eurocopter S.A.S., the prior name of

4   *Airbus Helicopters S.A.S.*, the French company that has not been named in this action.

5   *See* Cawyer Decl. ¶3.

6          The Complaint describes the statements and alleged actions of three CEOs—

7   Guillaume Faury, Lutz Bertling and Tom Enders, each a CEO of a *European*

8   company—but is altogether silent as relates to AHI and AIRBUS U.S.  Complaint

9   ¶¶27, 21-22.  As a matter of due process, two domestic U.S. corporations cannot be

10  made subject to suit with respect to claims that are completely unrelated to any act or

11  omission by such companies simply because Plaintiffs have named them in a lawsuit

12  and used an undifferentiated term to describe the purported defendants.  *See, e.g.*, *Tart*

13  *Optical Enters., LLC v. Light Co.*, 2017 WL 5957729, at *6 (C.D. Cal. May 1, 2017)

14  (granting individual defendant's motion to dismiss trademark action for lack of

15  personal jurisdiction and finding no intentional act because "[t]here are no allegations

16  or evidence that [the individual defendant] himself took any action with respect to the

17  alleged infringement" and holding that "[t]he conclusory allegations in the FAC as to

18  the actions allegedly taken by all Defendants are not sufficient to demonstrate

19  any intentional acts taken by [the individual defendant]"); *Karp v. Adam Opel AG*,

20  2017 WL 8181027, at *5 (C.D. Cal. Nov. 30, 2017) (no intentional act when the

21  plaintiff "d[id] not allege that the [] Defendants participated in" the copyright

22  infringement alleged in the complaint).[3]

23

24  _____

    [3] Plaintiffs' boilerplate agency allegation (Complaint ¶14) does not make up for the

25  lack of substantive allegations relating to AHI and AIRBUS U.S.  That allegation is a
    legal conclusion devoid of any factual basis and, as such, cannot be accepted as true

26  under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550
    U.S. 544 (2007).  Moreover, in *Daimler*, the Supreme Court expressly rejected the

27  argument that jurisdiction over a corporate affiliate could be demonstrated by general
    assertions of "agency."  571 U.S. at 135-36.

28

- 9 -

**b.      The Complaint Alleges No Allegedly Tortious Conduct
Aimed At California.**

As just shown, there are no allegations in the Complaint that either AHI or AIRBUS U.S. expressly aimed any conduct whatsoever at the Plaintiffs.  But even if one ignores Plaintiffs' undifferentiated pleading and accepts that the references to "Airbus" in the Complaint can permissibly be read to refer to AHI and AIRBUS U.S., the Complaint is still devoid of allegations showing any conduct expressly aimed at the Plaintiffs *in California*.

When evaluating the express aiming requirement, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the *defendant's conduct* connects him to the forum in any meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014) (emphasis added).  This is a "defendant-focused" inquiry, in which "the defendant's suit-related conduct must create a substantial connection with the forum State." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (citation omitted).  Plaintiffs cannot satisfy this requirement.

The actions relating to the 2017 statement and the alleged undated video were not expressly aimed at the state of California.  The challenged statement was made in France about a European-focused project and then published on a passive website registered by a European company that is not directed to any particular location.  *See, e.g.*, *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006) (concluding that a defendant's operation of a "non-interactive passive website" does not "constitute[] express aiming").  Beyond the fact that the 2017 statement is in English, there is nothing to indicate that it was directed specifically at the United States, much less that it was expressly aimed at California or any other specific place within the United States.  In fact, the repeated use of British spelling in the statement (not to mention the substance of the statement) confirms that, if anything, the statement was directed to a European audience, not to the United States more generally or to

1    California specifically.  The allegations about the supposed misuse of a video made in

2    2008 in Europe are sparse, to say the least.  There certainly are none connecting the

3    alleged misuse of the alleged video to California.

4          Plaintiffs' entire contention regarding express aiming is the allegation that

5    "Airbus" and its executives "were aware" that Yeager was located in California and

6    directed communications to him there.  *See* Complaint ¶22 ("Airbus and its agents

7    were aware that General Yeager was a resident of the state of California" and that

8    "Airbus executives, including CEO Tom Enders, sent communications to General

9    Yeager addressed to General Yeager's home in Grass Valley, California" and

10   allegedly paid for his travel from California).  This contention is meritless.  Indeed,

11   the Supreme Court in *Walden* and subsequent Ninth Circuit case law have expressly

12   rejected a finding of express aiming on this basis.

13         Prior to *Walden*, courts sometimes held that the express aiming requirement

14   was satisfied with a showing of "individualized targeting"—or, in other words, "when

15   the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff

16   whom the defendant knows to be a resident of the forum state."  *Washington Shoe Co.*

17   *v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 675 (9th Cir. 2012).  But in *Walden*, the

18   Supreme Court reversed a Ninth Circuit decision holding that personal jurisdiction

19   was appropriate in Nevada based on the Georgia-based defendant's knowledge that

20   the plaintiffs had connections to Nevada.  The Supreme Court held that finding

21   express aiming based on that defendant's "knowledge of [the plaintiff's] strong forum

22   connections . . . impermissibly allows a plaintiff's contacts with the defendant and

23   forum to drive the jurisdictional analysis."  *Walden*, 571 U.S. at 289.  In reversing the

24   Ninth Circuit, the Court in *Walden* held that the "[defendant's] actions in Georgia did

25   not create sufficient contacts with Nevada simply because he allegedly directed his

26   conduct at plaintiffs whom he knew had Nevada connections."  *Id.*

27         This case is controlled by *Walden*.  Plaintiffs' only basis for express aiming—

28   and, for that matter, their sole argument in favor of specific jurisdiction—rests on the

1     alleged contacts of "Airbus" **with the Plaintiffs**, not suit-related conduct **aimed at**

2     **California**.  There simply are no allegations that "Airbus's" "suit-related conduct"

3     created "a substantial connection with" California.  *Axiom*, 874 F.3d at 1068.

4     Plaintiffs, not AHI or AIRBUS U.S., are the only parties with any relevant contacts

5     with California—and those contacts cannot satisfy the express aiming requirement.

6     As in *Walden*, because Plaintiffs' contacts with the forum provide the only possible

7     connection between the AHI and AIRBUS U.S. and California, there is no specific

8     jurisdiction.

9        In *Karp v. Adam Opel AG*, Judge Gee rejected specific jurisdiction in an

10    analogous context.  There, the plaintiff argued that the defendant expressly aimed its

11    conduct towards California because it knew where the plaintiff was located, after

12    seeing that the plaintiff had listed a California address and phone number on its email

13    signature.  2017 WL 8181027, at *6.  The court confirmed that *Walden* prevented

14    finding specific jurisdiction on this basis: "[i]t would be absurd to conclude that the

15    signature line that Plaintiff included in his emails is sufficient to show that the []

16    Defendants 'expressly aimed' at California."  *Id.  See also Axiom Foods*, 874 F.3d at

17    1070 ("The [*Walden*] Court made clear that we must look to the defendant's 'own

18    contacts' with the forum, **not to the defendant's knowledge of a plaintiff's**

19    **connections to a forum**") (emphasis added).  Plaintiffs' allegations against AHI and

20    AIRBUS U.S., which do not even attempt to provide a connection to the forum, are

21    even more attenuated than in *Karp*.

22       Finally, Plaintiffs still cannot establish specific jurisdiction even if the parties

23    did exchange communications such that "Airbus" came to learn that Yeager resides in

24    California.  According to the allegations of the Complaint, those communications

25    would have taken place nearly a decade before the publication of the 2017 statement

26    and are not the "intentional acts" that Plaintiffs allege caused them harm.  *See Karp*,

27    2017 WL 8181027 at *6 ("even assuming that this signature line demonstrates that the

28    [] Defendants were aware that Plaintiff was in California during some of these email

exchanges, the [] Defendants' messages to him were not the 'intentional acts' that Plaintiff claims caused him harm") (citations and alterations omitted).  In short, there is no specific jurisdiction because Plaintiffs have not alleged and cannot allege that either AHI or AIRBUS U.S. engaged in *any* conduct aimed at California that gave rise to their alleged injuries.

### c.  Neither "Airbus," AHI, Nor AIRBUS U.S. Caused Harm They Knew Likely Would Be Suffered In California.

Plaintiffs cannot show that "Airbus," AHI or AIRBUS U.S. caused harm they knew likely would be suffered by Plaintiffs in California based on the conclusory allegation that "Airbus" had "full knowledge . . . that the harm would be felt in California."  Complaint ¶¶17, 21-22.  Satisfying this requirement takes "something more than 'mere foreseeability'" of an effect in the forum state.  *Schwarzenegger*, 374 F.3d at 805.  Here, Plaintiffs do not and cannot allege "something more" because their single ground for personal jurisdiction is based on the assertion that "Airbus" allegedly knew that Plaintiffs were located in California and the "mere foreseeability" that an action may harm a forum resident is insufficient to confer specific jurisdiction. *See Walden*, 571 U.S. at 290 ("mere injury to a forum resident is not a sufficient connection to the forum"); *Cousteau Soc'y, Inc. v. Cousteau*, No. CV 19-521 PA (MAAx), 2019 WL 4452972, at *4 (C.D. Cal. June 19, 2019) ("In *Walden*, the Supreme Court recently emphasized that even when a defendant may know that a plaintiff is likely to suffer harm in a particular location, that knowledge is not enough to satisfy the express aiming or purposeful direction prongs of the personal jurisdiction analysis.").  *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) ("Although it has been argued that foreseeability of causing *injury* in another State should be sufficient to establish such contacts there when policy considerations so require, the Court has consistently held that this kind of foreseeability is not a 'sufficient benchmark' for exercising personal jurisdiction.").

DEFENDANTS' MPA ISO MOTION TO DISMISS FAC                    8:19-CV-01793-JLS-ADS

### 2. Plaintiffs' Claims Do Not Arise Out Of Forum-Related Acts.

To establish specific jurisdiction, Plaintiffs also must demonstrate that the claims in the Complaint would not have arisen "but for" AHI's and AIRBUS U.S.'s California-related conduct.  Plaintiffs cannot make this showing because, again, there are no allegations connecting AHI or AIRBUS U.S. to *any* of the conduct alleged in the Complaint, let alone any act or transaction in California or that was directed at California that is the "but for" cause of Plaintiffs' claims.  Even if it were true (and it is not), Plaintiffs' lone allegation that AIRBUS U.S. operates an office in Huntington Beach, California (Complaint ¶9) is not relevant because there is no allegation that AIRBUS U.S.'s supposed operation of that office had anything to do with the conduct challenged in the Complaint.  And, even if there were some relevance to the allegations that the CEOs of certain European companies not before the Court may have had communications with Yeager indicating that he lived in California, Plaintiffs' claims do not arise from those communications.  They arise from (1) a statement made in Paris, France by the CEO of a company that is not a party to this action and published on a passive website registered by a European company that has not been served with the Complaint and (2) an alleged video made in Europe a decade ago.

### 3. The Exercise Of Specific Jurisdiction Would Be Unreasonable.

Because Plaintiffs have failed to satisfy the first two requirements necessary to establish specific jurisdiction, AHI and AIRBUS U.S. do not need to make a showing that specific jurisdiction over AHI and AIRBUS U.S. would be not reasonable.  *See Schwarzenegger*, 374 F.3d at 802 (only "[i]f the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable") (citation omitted); *c.f. Picot*, 780 F.3d at 1213 n.2 (where the plaintiff does not satisfy the first or second requirements for specific jurisdiction, the court "need not address whether the suit arises out of [the defendant's] forum-related activities, or whether the exercise of

- 14 -

1    jurisdiction would be reasonable").

2         Nonetheless, exercising jurisdiction over AHI and AIRBUS U.S. in this case

3    would be patently unreasonable for the simple reason that, per the allegations of the

4    Complaint,  all actions relevant to Plaintiffs' claims took place in Europe by the CEOs

5    of European-based companies.  Because there are no allegations showing that AHI or

6    AIRBUS U.S. had anything whatsoever to do with Plaintiffs or the allegations of the

7    Complaint, AHI and AIRBUS U.S. "could not have reasonably anticipated that they

8    would be required to defend this action in California."  *Premier Fabrics, Inc. v.*

9    *Walters & Mason Retail, Inc.*, 2018 WL 6164766, at *7 (C.D. Cal. Aug. 1, 2018).  It

10   therefore would constitute an unreasonable hardship to require representatives of AHI

11   and AIRBUS U.S. to travel to and participate in a litigation in California.  *See, e.g.*, *id.*

12   (concluding that "it would be unreasonable to exercise jurisdiction over" a corporate

13   defendant domiciled in Tennessee because "[the defendant's] undisputed evidence

14   shows that it has virtually no contacts with California" and "it would be extremely

15   burdensome to require [the defendant] to defend itself in California given that all of its

16   personnel, including those with knowledge of the facts relevant to this action, are

17   located in Tennessee and would have to travel to California").

18           **4.     Plaintiffs' Allegations Regarding An Alleged 2008 Agreement**
19                    **Are Insufficient To Confer Specific Jurisdiction.**

20         Finally, Plaintiffs make a last ditch effort to establish specific jurisdiction by

21   vaguely alleging an agreement between Yeager and the CEO of Defendant Airbus

22   S.A.S that any disputes "arising from the negotiations for and/or the conducting of any

23   endorsement deal would be resolved in a court of Plaintiffs' choosing in the state of

24   California."  Complaint ¶23.  Apart from their facial implausibility, these allegations

25   are irrelevant to specific jurisdiction and should have no bearing on the Court's

26   analysis.

27         *First*, this purported agreement allegedly was entered into by Plaintiffs and the

28   CEO of Defendant ***Airbus S.A.S***.  The question before the Court is whether there is

- 15 -

personal jurisdiction in this case over two ***different*** defendants—AHI and AIRBUS U.S..

*Second*, based on the exceedingly vague allegations in the Complaint, Plaintiffs' claims do not fall within the scope of the purported agreement.  Plaintiffs assert that "Defendants entered into an agreement with Plaintiffs that if there was any dispute regarding the use of Plaintiffs' name, trademark, likeness or identity that any such dispute would be resolved in a federal court in California[,]" (*see* Complaint ¶18), but later allege that the CEO of Airbus S.A.S agreed to such a clause "[d]uring the negotiations between General Yeager and Airbus regarding a potential endorsement deal" that was never completed.  *Id.* ¶¶23, 24-26.  Further, according to the Complaint, the purported forum selection agreement relates to "any disputes arising from ***the negotiations for*** and/or ***the conducting of*** any endorsement deal." *Id.* ¶23 (emphasis added).  Plaintiffs' Complaint, however, has nothing to do with negotiations between the parties regarding, or the conduct of, an endorsement deal.  It is based on the purported unauthorized use of Yeager's name and likeness in a statement and a video.

*Finally,* Plaintiffs cannot rely on a purported forum selection agreement that was never agreed to in writing.  *See, e.g.*, *Worldwide Subsidy Grp., LLC v. Fed'n Int'l de Football Ass'n*, 2014 WL 12631652, at *14 (C.D. Cal. June 9, 2014) (concluding that a potential multi-year contract containing a forum selection clause, which the plaintiff relied on to argue for the propriety of personal jurisdiction in the Central District of California, was governed by California's statute of frauds and could only be enforced if contained in a written contract); *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 458 (9th Cir. 2007) (affirming dismissal for lack of personal jurisdiction where the plaintiff made only bare allegations that the defendant had agreed to a forum selection clause).  The primary purpose of the statute of frauds is to prevent unreliable and, of course, fraudulent assertions of a contract.  *Sterling v. Taylor*, 40 Cal. 4th 757, 766-67 (2007).  That purpose applies with full force here.

The notion that Airbus, S.A.S. and Plaintiffs **did not** reach agreement over endorsements by Yeager, but that they nonetheless **did** agree as to a judicial forum for "any disputes arising from the negotiations for and/or the conducting of any endorsement deal" is absurd on its face.

Plaintiffs cannot meet their burden of demonstrating that this Court has personal jurisdiction over AHI and AIRBUS U.S. for this matter.  For this reason alone, the Complaint should be dismissed as to these two Defendants.

**II.    The Complaint Fails To State A Claim For Relief Against AHI And AIRBUS U.S.**

**A.    Legal Standard For A Motion To Dismiss Under Rule 12(b)(6) For Failure To State A Claim Upon Which Relief May Be Granted.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570).  "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation" (*id.* at 555 (citation omitted)), and the court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  "Although a complaint does not need detailed factual allegations, the factual allegations must be enough to raise a right to relief above the speculative level."  *Babb v. Cal. Teachers Ass'n*, 378 F. Supp. 3d 857, 869 (C.D. Cal. 2019) (citations and alterations omitted).  When a plaintiff contends that the statute of limitations on a claim should be tolled because of a defendant's alleged "concealment" of its purported wrongdoing, the heightened pleading standards of Federal Rule of Civil Procedure 9(b) apply and the plaintiff must plead specific facts demonstrating such purported concealment.  *See, e.g.*, *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1131 (C.D. Cal. 2010) ("[w]hen a plaintiff relies on a theory of

- 17 -

1   fraudulent concealment . . . to save a cause of action that otherwise appears on its face

2   to be time-barred, he or she must specifically plead facts which, if proved, would

3   support the theory.") (internal citations omitted).

**B.     There Are No Allegations Of Any Wrongful Acts Or Omissions By AHI Or AIRBUS U.S.**

6       Plaintiffs seek recovery from AHI for violation of Yeager's statutory and

7   common law right of publicity, and from AHI and AIRBUS U.S. for violations of the

8   Lanham Act, common law trademark infringement, breach of contract and unjust

9   enrichment.  Yet, as shown above, there are no allegations in the Complaint that either

10  of these defendants did ***anything***, let alone anything ***to Plaintiffs with any relevance***

11  ***to the allegations of the Complaint.***

12      Again, a plaintiff is not permitted to hale a defendant into court by

13  undifferentiated allegations that "defendants" engaged in certain conduct.  *See*, *supra*,

14  Part I(A).  AHI and AIRBUS U.S. are companies incorporated under Delaware law

15  and are entitled to be treated as such.  As Plaintiffs have made no allegations that

16  either of these defendants engaged in any of the actions alleged in the Complaint, all

17  claims alleged in the Complaint against these defendants should be dismissed.

**C.     Plaintiffs' Claims Premised On The Alleged Misuse Of A Video Fail To State A Claim Upon Which Relief Can Be Granted.**

**1.     Allegations Regarding The Alleged Misuse Of A Video Are Insufficient To Demonstrate Any Misuse Of Intellectual Property Or Breach Of Contract.**

22      Even if the Court were to ignore the fact that there are no allegations regarding

23  any acts or omissions by AHI or AIRBUS U.S., Plaintiffs' allegations regarding a

24  purported violation of rights related to a video made in 2008 fail to state a claim for

25  relief.

26      Plaintiffs allege that Yeager and "Airbus" agreed that a video could be made

27  relating to Yeager's visit to Airbus facilities in Toulouse and Munich and his flying

28  the A380, and that this video could be shown to "employees."  Complaint ¶19.

1  Plaintiffs further contend that an individual that they identify in the Complaint as an

2  "Airbus employee" (*id.* ¶31) said that he saw a video of "General Yeager saying how

3  much he liked flying the A380 airplane." *Id.* That is the entirety of the allegations

4  supporting Plaintiffs' claims regarding this alleged video.

5  These allegations do not state a violation of any intellectual property or contract

6  rights. Plaintiffs expressly allege that "Airbus" had the right to show the purported

7  video to employees. That is, the Complaint does not allege any facts showing that

8  Airbus used Yeager's name or likeness **beyond** what Plaintiffs allege Yeager

9  expressly authorized.

> **2.    Any Claims Relating To The Alleged 2012 Video Are Time-Barred.**

10

11

12  Even assuming that the Complaint states a claim for relief regarding an alleged

13  video of Yeager, any such claim is time-barred.

14  The Complaint alleges that Plaintiffs learned of the alleged misuse of this

15  purported video sometime in 2012—more than six years before the Complaint was

16  filed in September 2019. Because all of Plaintiffs' claims are subject to statutes of

17  limitations well short of six years, they are all time-barred. Indeed, the Ninth Circuit

18  has affirmed dismissal of several of Yeager's prior lawsuits based on similar types of

19  claims because he filed them beyond the applicable limitations periods. See *Yeager v.*

20  *Bowlin*, 693 F.3d 1076, 1081 (9th Cir. 2012) (statutory and common law right of

21  publicity claims (Counts I and II here) subject to two-year limitations period); *Yeager*

22  *v. Aviat Aircraft, Inc.*, 553 F. App'x 730, 731 (9th Cir. 2014) (false endorsement claim

23  (Count III here) subject to two- or three-year limitations period).[4]

24

25  [4] The statute of limitations applicable to claims of common law trademark

26  infringement (Count IV) is either four years or two years. *Eliminator Custom Boats v. Am. Marine Holdsing, Inc.*, 2007 WL 4978243, at * 3 (C.D. Cal. Nov. 5, 2007) (four years); *V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas LLC*, 2016 WL

27  1268008, at *10 (E.D. Cal. Mar. 31, 2016) (two years). Trademark infringement

28  (Count V) likely ranges from two to four years. *Saul Zaentz Co. v. Wozniak Travel,*

- 19 -

1   Plaintiffs attempt to plead around this time bar by alleging that, at some

2   unstated time, they inquired about the alleged video to an unidentified person and

3   "were told that [the video] could not be located."  Complaint ¶31.  But there is no

4   allegation that this statement was false or that, notwithstanding this alleged statement,

5   Plaintiffs subsequently discovered that one or more of the Defendants had, in fact,

6   misused a purported video of Yeager.  Nonetheless, Plaintiffs allege that the video

7   "was concealed from Plaintiffs" from 2012 until the filing of the Complaint.  *Id.*

8   Plaintiffs' tolling allegation comes nowhere near meeting the requirements for

9   pleading equitable tolling based on fraudulent concealment.  As noted, such a

10  contention is subject to the heightened pleading requirements of Federal Rule of Civil

11  Procedure 9(b), which provides that "[i]n all averments of fraud or mistake, the

12  circumstances constituting fraud or mistake shall be stated with particularity."  *See*

13  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir.1999); *Yumul*, 733 F.

14  Supp. 2d at 1122.  To establish fraudulent concealment, the plaintiff must ***plead***, ***with***

15  ***specificity***, "the who, what, when, where, and how of the alleged fraudulent

16  concealment" (*id.* at 1133) and, further, "(1) when the fraud was discovered; (2) the

17  circumstances under which it was discovered; and (3) that the plaintiff was not at fault

18  for failing to discover it or had no actual or presumptive knowledge of facts sufficient

19  to put him on inquiry."  *Id.* at 1131

20  Here, there are virtually no allegations, let alone specific ones, relating to any

21  Defendant's supposed concealment of the purported video.  Nor is there even an

22  allegation that, at some point following the alleged concealment, the Plaintiffs actually

23  discovered a misuse of the purported video.  Accordingly, any claims relating to a

24  _____

25  *Inc.*, 627 F. Supp. 2d 1096, 1114 (N.D. Cal. 2003) (three or four years); *Spangler v.*

26  *Abercrombie & Fitch*, 79 F. App'x 325, 326 (9th Cir. 2003) (two years).  Plaintiffs'
    breach of contract claim (Count VI) likely is governed by California's 4-year statute

27  of limitations (Cal. Code Civ. Proc. §337(3)) and the statute of limitations on the
    unjust enrichment claim (Count VII) is two or three years.  *BASF Corp. v. Cesare's*

28  *Collision Repair & Towing, Inc.*, 364 F. Supp. 3d 1115, 1122 (E.D. Cal. 2019).

DEFENDANTS' MPA ISO MOTION TO DISMISS FAC                     8:19-CV-01793-JLS-ADS

video supposedly made a decade ago in France are time-barred and should be dismissed.

## CONCLUSION

For the reasons given, the Complaint should be dismissed as to Defendants AHI and AIRBUS U.S.


Dated:  January 13, 2020                    ARNOLD & PORTER KAYE SCHOLER LLP

                                            By:   /s/ *Douglas A. Winthrop*
                                                    DOUGLAS A. WINTHROP

                                            Attorneys for AIRBUS HELICOPTERS, INC.
                                            and AIRBUS U.S. SPACE & DEFENSE, INC.