Lincoln D. Bandlow (SBN: 170449)
lincoln@bandlowlaw.com
Andrew M. Keyes (SBN: 327549)
andrew@bandlowlaw.com
**Law Offices of Lincoln Bandlow, P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.556.9680
Facsimile: 310.861.5550

Attorney(s) for Plaintiffs
General Charles E. "Chuck" Yeager (Ret.) and
General Chuck Yeager, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CHARLES E. YEAGER, et al. | Case Number: 8:19-CV-01793-JLS-ADS |
| Plaintiff(s), | **JOINT RULE 26(f) REPORT** |
| vs. | Assigned to: Hon. Josephine L. Staton |
| AIRBUS GROUP SE, et al. | Scheduling Conference: March 20, 2020 |
| Defendant(s). | Time: 10:30am<br>Courtroom: 10-A |

Plaintiffs and Defendants Airbus Helicopters, Inc. and AIRBUS U.S. Space & Defense, Inc. (formerly known as Airbus Defense and Space, Inc.) (collectively referred to herein as "Defendants") in the above-entitled captioned action hereby submit the following Joint Rule 26(f) Report:[1]

a) **Statement of the case**

**Plaintiffs' Statement:**

This case concerns common law and statutory claims for violation of right of publicity, trademark infringement, and breach of contract. Plaintiff General Charles E. "Chuck" Yeager

---

[1] Plaintiffs' counsel was in Washington, D.C. for an argument before the United States Court of Appeal for the District of Columbia on March 6, 2020 and was unable to access a computer to efile this Joint Report on that date and thus did so on March 9, 2020 upon returning to his office. Plaintiffs' counsel apologizes for the short delay.

1

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

(Ret.) ("General Yeager") is a retired pilot and general, renowned for breaking several air speed records and for his distinguished military and civilian aviation career. Plaintiff General Chuck Yeager, Inc. ("GCYI") is a corporation that is jointly owned and operated by General Yeager. Defendants are various wholly owned entities of multinational aircraft conglomerate Airbus Group, S.A.S.

Plaintiffs and Defendants had numerous contacts prior to Plaintiffs filing the present action, dating back to 2008. Defendants arranged for General Yeager to attend various Airbus promotional events, including a visit to Airbus facilities in Munich, Germany, and Toulouse, France. to fly the Airbus A380 aircraft and to give a presentation to Airbus employees. Defendants filmed a video of General Yeager's presentation, under General Yeager's explicit terms that the video would only be used internally and that Defendants were not permitted to use the video sale, advertising, or any promotional purpose (the "Video"). In or about 2012, General Yeager was informed by an employee of an Airbus entity of the existence of an Airbus sales video incorporating footage from the Video.

Subsequent to the General Yeager's presentation, Defendants engaged in extended negotiations with General Yeager for a potential endorsement deal, including using General Yeager's name in press releases, but Defendants declined to accept General Yeager's fee requirement. Despite not reaching an agreement with General Yeager to procure his endorsement, Defendants caused the following statement by Airbus Helicopters S.A.S. CEO Guillaume Faury to be published and distributed in the DuPont Registry on June 26, 2017:

"Seventy years ago, [American test pilot] Chuck Yeager broke the sound barrier," said Guillaume Faury, CEO of Airbus Helicopters, at the Racer announcement press conference. Now, he said, "we're trying to break the cost barrier. It cannot be 'speed at any cost.'"

Plaintiffs assert that the unauthorized reproduction and distribution of the Video and the unauthorized publication of the Statement constitute an infringement of General Yeager's right of publicity, false endorsement, infringement of Plaintiffs' trademarks, breach of contract, and unjust enrichment.

**Defendants' Statement:**

Plaintiffs allege that, on June 20, 2017, "Airbus" published a statement on the Airbus.com website that referenced Plaintiff Chuck Yeager. The statement refers to a high-speed helicopter concept "Racer"—an acronym for rapid and cost-effective rotorcraft—being developed by Airbus Helicopters as a part of a "European Commission-organised public and private partnership to develop and demonstrate civil aircraft technologies that can reduce emissions and noise, while also ensuring the future competitiveness of Europe's aviation industry on a global scale." The part of the statement to which Plaintiffs object makes a factual reference to General Yeager having broken the sound barrier in the 1940s:

> *Seventy years ago, [American test pilot] Chuck Yeager broke the sound barrier," said Guillaume Faury, CEO of Airbus Helicopters, at the Racer announcement press conference. Now, he said, "we're trying to break the cost barrier. It cannot be 'speed at any cost.'*

The statement quotes comments made by Mr. Faury at the Paris Air Show in June 2017. At the time, Mr. Faury was the Chief Executive Officer of Airbus Helicopters S.A.S., a French company with its registered office in Marignane Cedex, France. Airbus Helicopters S.A.S. is not a defendant in this action. The registrant for the Airbus.com website, which is a passive website through which no business can be transacted, is Defendant Airbus S.A.S., another French company with its registered office in Blagnac, France. To date, Plaintiffs have not served a summons and complaint on Airbus S.A.S.

The Complaint also alleges that nearly a decade earlier, in 2008, Yeager had been invited by "Airbus" to visit "Airbus" facilities in Munich, Germany and Toulouse, France so that "Airbus" could "honor him and have him speak to and inspire Airbus employees…." Plaintiffs allege that, during this visit to Germany and France, Yeager flew an Airbus A380, which is a large, fixed-wing airplane. Plaintiffs allege that Yeager agreed that a video of his appearance could be made "so that those employees who could not attend the meeting could watch it at a later date, and that "Airbus" agreed that no other use of the video would be made absent an agreement between "Airbus" and Yeager. Plaintiffs allege that in 2012 an "Airbus employee" told them that he saw a video showing how much Yeager liked the A380.

In addition to Airbus S.A.S., the Complaint names Airbus Group SE, now known as Airbus SE, which is a European public company with its registered office in Amsterdam, Netherlands. Plaintiffs also have not served this defendant with a summons and complaint.

Plaintiffs have named, and served, two different Airbus entities: Defendants Airbus Helicopters, Inc., a Delaware corporation with its principal place of business in Grand Prairie, Texas, and AIRBUS U.S. Space & Defense, Inc. (formerly known as Airbus Defense and Space, Inc.), a Delaware corporation with its principal place of business in Herndon, Virginia. Because there are no allegations in the Complaint that either of these companies have had anything to do with Plaintiffs' claims, let alone Plaintiffs' claims and this forum, these defendants have filed a motion to dismiss for lack of personal jurisdiction and a motion to dismiss for failure to state a claim for relief. Plaintiffs' claims regarding the alleged video also are time-barred, which is a further basis for Defendants' motion to dismiss for failure to state a claim for relief.

### b) **Legal issues**

The key legal issues in this case are Plaintiffs' claims for violation of right of publicity, false endorsement, trademark infringement, breach of contract, and unjust enrichment. Defendants contend that they are not subject to personal jurisdiction in this Court based on Plaintiffs' claims and that Plaintiffs do not have viable claims against them, both on the merits and because certain of Plaintiffs' alleged claims are time-barred.

### c) **Damages**

Plaintiffs allege that provable damages are realistically in excess of one million ($1,000,000) dollars.

### d) **Insurance**

There is no insurance coverage relevant to this action.

### e) **Motions**

Defendants have filed a motion to dismiss on the grounds that this court does not have personal jurisdiction over them and that the First Amended Complaint ("FAC") does not

sufficiently allege any conduct by the Defendants upon which relief can be sought. In addition, Defendants contend that certain of Plaintiffs' claims are time-barred.

### f)  Complexity

Not applicable.

### g)  Status of Discovery

Parties have not made any initial disclosures, nor have Parties conducted any discovery.

### h)  Discovery Plan

**Plaintiffs' Position:**

Plaintiffs intend to serve standard written discovery including requests for production of documents, requests for admissions, and interrogatories in March and April 2020. Plaintiffs will conduct discovery regarding Defendants' internal marketing practices to help establish the substantive claims, and regarding Defendants' profits to establish damages. Plaintiffs and Defendants shall be limited to no more than ten depositions, respectively, as provided in Rule 30(a)(2)(A)(i), including non-party witnesses and testifying expert witnesses. A Rule 30(b)(6) deposition, for purposes of the limit on the number of depositions, is treated as a single deposition even though more than one person may be designated to testify if the entire Rule 30(b)(6) deposition lasts less than seven hours. Each additional seven hours of Rule 30(b)(6) deposition time, or any fraction thereof, shall constitute an additional deposition that counts towards the ten-deposition limit provided in this action. Parties do not anticipate any special issues regarding electronically store information, privileged materials, change to limitations on discovery, or protective orders.

Plaintiffs propose the following discovery deadlines:

| | |
|---|---|
| March 24, 2020 | Rule 26(a)(1) initial disclosures are due. |
| September 11, 2020 | Last day to complete all written fact discovery and depose all fact witnesses. |
| September 18, 2020 | Deadline to serve opening expert reports on issues for which party bears the burden of proof at trial. |
| November 13, 2020 | Deadline to serve rebuttal expert reports. |

5

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

| | |
|---|---|
| November 27, 2020 | Last day to complete expert witness discovery |

**Defendants' Position:**

Defendant believes that the Court should defer setting a pre-trial schedule at this time given the pendency of the motion to dismiss filed by Defendants and Plaintiffs' failure to have served two of the defendants in the case. In the event the Court wishes to proceed with setting a pre-trial schedule at this time, Defendants propose the following discovery deadlines:

| | |
|---|---|
| March 24, 2020 | Rule 26(a)(1) initial disclosures are due. |
| November 20, 2020 | Last day to complete all written fact discovery and depose all fact witnesses. |
| December 18, 2020 | Deadline to serve opening expert reports on issues for which party bears the burden of proof at trial. |
| January 22, 2021 | Deadline to serve rebuttal expert reports. |
| February 19, 2021 | Last day to complete expert witness discovery |

    **i)**     **Expert Discovery**

Set forth above.

    **j)**     **Dispositive motions**

Plaintiffs intend to file a summary judgment motion on the issue of liability. Defendants intend to file a motion for summary judgment.

    **k)**     **ADR Procedure Selection**

Plaintiffs elect for ADR Procedure No. 3 (private mediation). Defendants elect ADR Procedure No. 2 (the Court's Mediation Panel).

    **l)**     **Settlement Efforts**

Parties attempted to reach a settlement prior to Plaintiffs' filing of this action, but such attempts were unsuccessful. Parties have engaged in minimal settlement efforts since the filing of this case and intend to continue to explore settlement options.

    **m)**     **Preliminary Trial Estimate**

Plaintiffs anticipate a trial to take five to seven days. Defendants believe a trial of no more than two to three days should be sufficient.

**n)     Trial counsel**

Lincoln D. Bandlow will appear as counsel on behalf of Plaintiffs. Douglas A. Winthrop and Jesse M. Feitel will appear as counsel on behalf of Defendants.

**o)     Independent Expert or Master**

Not applicable.

**p)     Other issues**

Plaintiffs contend that this case involves needs to serve and conduct discovery in foreign jurisdictions, as Plaintiffs may seek discovery of documents in possession of Airbus entities located in foreign countries, and Plaintiffs may seeks to depose employees of Airbus entities located in foreign countries.

Dated: March 6, 2020              /s/ Lincoln Bandlow
                                  _____
                                  Counsel for plaintiffs


Dated: March 6, 2020              /s/ Douglas Winthrop
                                  _____
                                  Counsel for Defendants

## I. CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

UNITED STATES DISTRICT COURT JUDGE

REPORT OF THE PARTIES' 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

# EXHIBIT A
# PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

**CASE NAME:**   Charles Yeager v. Airbus

**CASE NO:**   8:19 CV 01793 JLS-ADS

| Matter | Deadline | Plaintiff(s) Request | Defendant(s) Request |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus 60 days | May 19, 2020 | May 19, 2020 |
| Fact Discovery Cut-Off | 18 weeks before the Final Pretrial Conference ("FPTC") | Nov. 6, 2020 | Nov. 20, 2020 |
| Last Day to Serve Initial Expert Reports | 16 weeks before the FPTC | Nov. 20, 2020 | Dec. 18, 2020 |
| Last Day to File Motions (except *Daubert* and all other Motions in Limine) | 16 weeks before the FPTC | Nov. 30, 2020 | Dec. 18, 2020 |
| Last Day to Serve Rebuttal Expert Reports | 12 weeks before the FPTC | Dec. 18, 2020 | Jan. 22, 2021 |
| Last Day to Conduct Settlement Proceedings | 9 weeks before the FPTC | Jan. 8, 2021 | Feb. 12, 2021 |
| Expert Discovery Cut-Off | 8 weeks before the FPTC | Jan. 15, 2021 | Feb. 19, 2021 |
| Last Day to File *Daubert* Motions | 7 weeks before the FPTC | Jan. 22, 2021 | Feb. 26, 2021 |
| Last Day to File Motions in Limine (other than *Daubert* Motions) | 4 weeks before the FPTC | Feb. 12, 2021 | March 19, 2021 |
| Final Pre-Trial Conference **(Friday at 10:30 a.m.)** | | March 12, 2021 | April 16, 2021 |
| **Revised:  October 1, 2018** | | | |